Filed 6/4/25  P. v. Vieras CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B336875 |
| Plaintiff and Respondent, | Los Angeles County Super. Ct. No. BA290655 |
| v. | |
| MARCOS ALFONSO VIERAS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Deborah S. Brazil, Judge.  Affirmed and remanded with instructions.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Viet H. Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

Marcos Vieras appeals the trial court's denial of his section 1172.6 petition for resentencing.  During briefing in this case, the Supreme Court issued its opinion in *People v. Patton* (2025) 17 Cal.5th 549 (*Patton*).  In light of *Patton*, we remand and instruct the trial court to consider an amended petition if Vieras files one within 30 days of the remand.  Statutory citations are to the Penal Code.

We take our factual account of the crime from the testimony during the preliminary hearing.

In the very early morning hours, Vieras and another man approached a warehouse where an album release party was happening.  The security guard saw the two men fiddling with their waist bands and believed they had guns.  He told them they could not bring the guns inside and suggested they leave the guns in their car.  The men agreed.

As they returned to their car, a marked Los Angeles Sheriff's Department car drove past.  The officers made eye contact with the two men.  Officer Elizabeth Aguilera, who was driving the car, turned the car around to go back to the men.  Aguilera and her partner Officer Jose Mendoza got out of the car and saw Vieras holding a gun.  Both officers ordered Vieras to stop and drop the gun.  Vieras and the other man took off running in different directions.

Mendoza ran after Vieras while Officer Elizabeth Aguilera followed in the car.  Mendoza followed Vieras as he turned down different streets.  Vieras then turned and fired at Mendoza.  Mendoza fired back, emptying his magazine.  As he did so, Mendoza tripped and fell to the ground, then crawled behind a car.

Aguilera caught up to Vieras and Mendoza and saw muzzle flashes and heard gunshots. She saw Mendoza on the ground and believed he was shot. She broadcast on her radio a request for assistance and that an officer was down. Aguilera went to Mendoza's position and ordered Vieras to drop the gun or not to touch the weapon. Aguilera fired at Vieras.

Officer Silvano Garcia and his partner arrived at the scene. Garcia joined Aguilera and saw Vieras going for his gun. Garcia ordered Vieras to drop or not touch the gun, but Vieras grabbed it and pointed it at the officers. Garcia then fired at Vieras.

The officers arrested Vieras and took him to a hospital. Vieras suffered twenty-one gunshot wounds. Forensic evidence showed officers fired over 35 rounds at Vieras. None of the shell casings recovered at the scene were from Vieras's gun. Investigators discovered Vieras's gun had jammed and was inoperable.

An information charged Vieras with three counts of attempted murder of peace officers, three counts of assault on a peace officer with a semiautomatic firearm, being a felon in possession of a firearm, and gun and gang enhancements. Vieras pleaded to one count of attempted murder with a firearm enhancement, three counts of brandishing a weapon at a peace officer, and being a felon in possession of a firearm. The court sentenced him to 22 years eight months in prison.

In 2019, the Legislature enacted Senate Bill No. 1437 (2017–2018 Reg. Sess.) which altered the rules of murder liability to ensure culpability more closely matched punishment. (*People v. Arellano* (2024) 16 Cal.5th 457, 472.) Under the new law, malice may not be imputed to a person based merely on their

3

participation in a crime. (§ 1172.6, subd. (a).) The law provided a mechanism for convicted defendants who could no longer be convicted under the new law to petition for resentencing. (§ 1172.6, subd. (a).)

Vieras filed such a petition for resentencing. The court denied the petition because the record of conviction, including the preliminary transcript, revealed that Vieras was prosecuted as the actual perpetrator, making him ineligible for relief.

On appeal, Vieras argues the trial court erred in relying on the preliminary hearing transcript to summarily deny his petition. The Supreme Court's recent guidance forecloses this argument. (*Patton*, *supra*, 17 Cal.5th at p. 564.)

*Patton* clarified that the section 1172.6 resentencing process involves three stages. (*Patton*, *supra*, 17 Cal.5th at p. 562.) At the first stage, the petitioner must only submit a facially valid petition. (*Ibid*.) Petitioners who do so are entitled to counsel, if requested, and to proceed to the next step. (*Ibid*.) At the next step, the trial court determines whether the petitioner has made a prima facie showing of eligibility for relief. (*Ibid*.) The final stage is an evidentiary hearing at which the court evaluates the evidence to assess if the petitioner is entitled to relief. (*Ibid*.)

We are concerned with the second step in this case. The trial court's goal at this stage is to weed out meritless petitions. (*Patton*, *supra*, 17 Cal.5th at p. 563.) To that end, trial courts may consider the record of conviction, including transcripts from a preliminary hearing. (*Id*. at pp. 563–564.) Doing so does not constitute impermissible factfinding or credibility determinations. (*Id*. at pp. 565–566.)

The statute allows petitioners to file a response at this stage.  (§ 1172.6, subd. (c).)  This is the petitioners' opportunity to show why they are not ineligible, despite what might appear in preliminary hearing transcripts.  To do so, the petitioners must provide nonconclusory allegations that alert the court and prosecution to the issues to be decided at the evidentiary hearing.  (*Patton*, *supra*, 17 Cal.5th at p. 567.)  If they fail to do so, such as by relying solely on the conclusory allegations in the petition, the court properly relies on the preliminary hearing transcript in denying relief.  (*Id.* at pp. 565–566.)

Here, the trial court did not err in looking to the preliminary hearing transcript in determining if Vieras made a prima facie showing of eligibility for relief.  However, because Vieras did not have the benefit of the guidance in *Patton* as to what section 1172.6 requires at the prima facie stage, we remand to allow him the opportunity to provide nonconclusory allegations showing he is eligible for relief.

## DISPOSITION

We remand with instructions for the trial court to consider any amended allegations filed by Vieras within 30 days of remand.  We otherwise affirm the order.


WILEY, Acting P. J.

We concur:


VIRAMONTES, J.          MATTHEWS, J.*

---

*       Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5